IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAURICIO JAVIER ALVAREZ LOPEZ, #26939-078, | CIVIL NO. 22-00318 LEK-RT |
| Petitioner, | **DISMISSAL ORDER** |
| v. | |
| ESTELA DERR, | |
| Respondent. | |

## DISMISSAL ORDER

Before the Court is a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") filed by pro se Petitioner Mauricio Javier Alvarez Lopez ("Lopez"). ECF No. 1. For the following reasons, the Petition is DISMISSED without leave to amend.

## I.  BACKGROUND

In 2018, Lopez pleaded guilty in the United States District Court for the Eastern District of Texas to conspiracy to possess with intent to manufacture and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Judgment, *United States v. Lopez*, No. 4:15-cr-00155-MAC-KPJ-2 (E.D. Tex. July 17, 2018), ECF No. 417. Lopez was sentenced to 135 months' imprisonment, *id*. at 2, and he

is now incarcerated at the Federal Detention Center in Honolulu, Hawaii.  *See* Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (select "Find By Number"; enter "26939-078" in "Number" field; and select "Search").  Lopez is currently scheduled for release on November 29, 2022.  *Id*.

       The Court received Lopez's Petition on July 25, 2022.  ECF No. 1.  Lopez alleges that Warden Derr and her staff are "delaying [his] deportation proceedings."  *Id*. at 6.  According to Lopez, he is not subject to an immigration detainer, *id*. at 2, and the "Hawaii Office for Immigration Review has no pending cases for his deportation," *id*. at 6.  Lopez fears that he will be detained "through December 2022."  *Id*.  Lopez therefore asks the Court to order Warden Derr "to immediately start the deportation process" and to transfer him "to a facility for proper I.C.E. deportation."  *Id*.

## II.  SCREENING

       Habeas Rule 4 states that a district court "must promptly examine" each petition and dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *See Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Hung Viet Vu v. Kirkland*, 363 F. App'x 439, 441–42 (9th Cir. 2010).  This rule also applies to a habeas petition brought under 28 U.S.C. § 2241.  *See* Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under

28 U.S.C. § 2254); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) ("[T]he district court did not err by applying Rule 4 of the Rules Governing Section 2254 Cases to the instant petition [brought under 28 U.S.C. § 2241]." (citation omitted)).

### III.  DISCUSSION

Section 2241 allows a district court to consider an application for a writ of habeas corpus from a federal prisoner claiming to be "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  The district court must "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."  28 U.S.C. § 2243.

The Ninth Circuit has said that 28 U.S.C. § 2241 is the appropriate avenue for relief when a federal prisoner "challenges the fact or duration of his confinement."  *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) (citations and footnote omitted); *see also Alcala v. Rios*, 434 F. App'x 668, 669 (9th Cir. 2011) ("The district court correctly concluded that [the federal prisoner's] claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement." (citation omitted)).

Here, the Court must dismiss the Petition because Lopez does not assert that he is currently in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  Instead, the Petition is based on Lopez's fear that he will

be detained beyond his November 29, 2022 scheduled release date. Any claim based on this fear is not ripe. *See Schulze v. Kobayashi*, Civ. No. 20-00047 LEK-KJM, 2021 WL 1197000, at *3 (D. Haw. Mar. 29, 2021) (dismissing as unripe habeas petition based on "a hypothetical future event"). Moreover, the Court lacks jurisdiction to order Warden Derr "to immediately start the deportation process" and to schedule Lopez's transfer "to a facility for proper I.C.E. deportation," ECF No. 1 at 7.

To the extent Lopez asks the Court to order Warden Derr to commence removal proceedings, 8 U.S.C. § 1252(g) states that "no court shall jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." The Ninth Circuit has construed 8 U.S.C. § 1252(g) "to include not only a decision in an individual case *whether* to commence, but also *when* to commence, a proceeding." *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002). The Court therefore lacks jurisdiction to order Warden Derr to commence removal proceedings.[1] *See Gonzalez v. Martel*, No. CIV-11-2121 GGH P., 2011 WL 4905728, at *2 (E.D. Cal. Oct. 14,

---

[1] The Court notes that it is the Department of Homeland Security, not Warden Derr, that decides whether and when to commence removal proceedings. *See Ajlani v. Chertoff*, 545 F.3d 229, 231 n.2 (2d Cir. 2008) ("In 2002, Congress transferred authority . . . to commence removal proceedings . . . to the Secretary of the Department of Homeland Security.").

2011) ("[T]here is no support for the proposition that the Court has jurisdiction to review the ICE's alleged future conduct. It is ICE, and not this Court, which must determine whether the Petitioner in this case is deportable or removable.").

To the extent Lopez asks the Court to order Warden Derr to transfer him to another facility, as the Ninth Circuit has recognized, the Bureau of Prisons ("BOP") "has the statutory authority to choose the locations where prisoners serve their sentence." *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) (citations omitted). The Ninth Circuit has further recognized that "Congress stripped federal courts of jurisdiction to review the BOP's individual designations of an inmate's place of imprisonment." *Ahmad v. Jacquez*, 860 F. App'x 459, 461 (9th Cir. 2021); *see Gullett v. Salas*, Case No. 2:21-cv-05720-JAK-JDE, 2021 WL 3171967, at *2 (C.D. Cal. July 27, 2021) ("Federal courts . . . lack jurisdiction over challenges to the BOP's individualized placement determinations."). The Court therefore lacks jurisdiction to consider any challenge to the BOP's individual placement designation for Lopez at FDC Honolulu. *See Ahmad*, 860 F. App'x at 461; *Gullett*, 2021 WL 3171967, at *2; *see also Brown v. Ives*, 543 F. App'x 636, 637 (9th Cir. 2013) ("Insofar as [petitioner] is challenging the BOP's individualized determination concerning his placement, the district court properly concluded that it lacked jurisdiction over the petition." (citation omitted)).

## IV.  CONCLUSION

(1) The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is DISMISSED without leave to amend.

(2) The Clerk is DIRECTED to enter judgment and close the case.

DATED:  August 22, 2022 at Honolulu, Hawaii.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**MAURICIO JAVIER ALVAREZ LOPEZ VS. ESTELA DERR; CV 22-00318 LEK-RT; DISMISSAL ORDER**